IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TIMOTHY UMBENHOWER,

                    Plaintiff,

vs.                                        Case No. 13-1398-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On August 1, 2012, administrative law judge (ALJ) Christina Young Mein issued her decision (R. at 12-27). Plaintiff alleges that he had been disabled since October 12, 2006 (R. at 12). However, because of the denial of a prior application on September 18, 2009, the ALJ only considered plaintiff's

disability from September 19, 2009 through the date of the
decision (R. at 12).  Plaintiff meets the insured status
requirements for social security disability benefits through
December 31, 2011 (R. at 13, 14).  At step one, the ALJ found
that plaintiff did not engage in substantial gainful activity
since September 19, 2009 (R. at 15).  At step two, the ALJ found
that plaintiff had numerous severe impairments (R. at 15).  At
step three, the ALJ determined that plaintiff's impairments do
not meet or equal a listed impairment (R. at 16).  After
determining plaintiff's RFC (R. at 17-18), the ALJ determined at
step four that plaintiff was unable to perform past relevant
work (R. at 25).  At step five, the ALJ found that plaintiff can
perform other jobs that exist in significant numbers in the
national economy (R. at 26).  Therefore, the ALJ concluded that
plaintiff was not disabled (R. at 27).

**III.  Are the ALJ's RFC findings supported by substantial
evidence?**

     According to SSR 96-8p, the RFC assessment "must include a
narrative discussion describing how the evidence supports each
conclusion, citing specific medical facts...and nonmedical
evidence."  The ALJ must explain how any material
inconsistencies or ambiguities in the evidence in the case
record were considered and resolved.  The RFC assessment must
always consider and address medical source opinions.  If the RFC

5

assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond

meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The court will first review the mental limitations included in the ALJ's RFC findings.  The ALJ limited plaintiff to simple, routine, and repetitive tasks involving only occasional decision making and occasional changes in the work setting.  Plaintiff was found to be unable to perform work that involves interaction with the public.  However, he was found to remain able to tolerate occasional interaction with supervisors and coworkers (R. at 18).

In making these findings, the ALJ gave "significant" weight to the opinions of the state agency psychologists, Dr. Cohen and Dr. Bergmann-Harms (R. at 25).  Both indicated in their functional capacity assessment (Section III of the mental RFC assessment form) that plaintiff can understand and remember simple instructions, and can carry out simple tasks that do not involve speed or quick mental processing.  They indicate that plaintiff may have difficulty working in close proximity to the public and coworkers due to irritability.  They both concluded that plaintiff maintains the mental RFC for simple, repetitive tasks that do not involve much interpersonal contact (R. at 446, 488).  In the summary conclusions of that form (Section I), Dr. Bergmann-Harms indicated that plaintiff had moderate limitations

in the ability to maintain attention and concentration for extended periods and in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (R. at 444).  Dr. Cohen did not include these limitations in her summary conclusions (R. at 486).[1]

The record also contains a mental status examination performed by Dr. Barnett, a psychologist, on February 26, 2010 (R. at 416-418).  His conclusions included the following:

> …**He had difficulty with both attention and concentration during the interview and at times would lose the thread of the conversation.**  He appears cognitively capable of simple, repetitive work tasks, but would probably have difficulty with complex tasks….

(R. at 418, emphasis added).  In fact, the ALJ stated the following in her decision:

> The evidence in the record, including the testimony of the claimant at the hearing, shows that the claimant has some difficulty in sustaining focus, attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings.

---

[1] The narrative in the mental RFC assessment in Section III is what ALJs are to use as the assessment of RFC; the purpose of Section I is chiefly to have a worksheet to ensure that the medical source has considered each of the pertinent mental activities and the claimant's degree of limitation.  However, this does not mean that an ALJ can turn a blind eye to moderate Section I limitations.  If the Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the mental RFC assessment cannot properly be considered part of the substantial evidence supporting and ALJ's RFC findings.  Carver v. Colvin, __ Fed. Appx. __, 2015 WLL 307084 at *2-3 (10th Cir. Jan. 20, 2015).

(R. at 17).  The ALJ stated that he gave "significant" weight to Dr. Barnett's opinion that the plaintiff could perform simple and repetitive tasks (R. at 25).

However, despite the moderate limitations in attention and concentration for extended periods found by Dr. Bergmann-Harms, the opinion of Dr. Barnett that plaintiff had difficulty with both attention and concentration during the interview and at times would lose the thread of the conversation, opinions to which the ALJ accorded "significant" weight, and the ALJ's own finding that plaintiff has some difficulty in sustaining focus, attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings, the ALJ's RFC findings and the hypothetical question to the vocational expert (VE) do not include any limitations in concentration and attention.  The ALJ's RFC mental limitations only limit plaintiff to simple, routine and repetitive tasks involving only occasional decision making and occasional changes in the work setting, and limiting his contact with the public, coworkers, and supervisors (R. at 17-18, 63).

In the case of Jaramillo v. Colvin, 576 Fed. Appx. 870 (10th Cir. Aug. 27, 2014), the ALJ expressly gave great weight to a medical opinion (Dr. Mellon) that plaintiff had three moderate mental limitations, including a moderate limitation in the ability to attend and concentrate.  Id. at 872, 873, 876.  On

the basis of the opinions of Dr. Mellon and Dr. Wynne, the ALJ, in his RFC findings, limited plaintiff to simple, routine, repetitive, unskilled tasks.  <u>Id</u>. at 873.  The court held that the limitation to simple, routine, repetitive, and unskilled tasks does not clearly relate the moderate impairments found by Dr. Mellon, and given great weight by the ALJ.  Those moderate impairments must be accounted for in an RFC finding and, consequently, in a dispositive hypothetical to the VE.  As a result of this failure, the ALJ's reliance on the jobs the VE identified in response to the hypothetical was not supported by substantial evidence.  <u>Id</u>. at 876.

Even simple work can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention.  Moderate impairments may also decrease a claimant's ability to perform simple work.  <u>Bowers v. Astrue</u>, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008); <u>see</u> <u>Brosnahan v. Barnhart</u>, 336 F.3d 671, 675 (8th Cir. 2003); <u>Newton v. Chater</u>, 92 F.3d 688, 695 (8th Cir. 1996)(two medical opinions indicated that that claimant had moderate limitations in his ability to maintain attention and concentration for extended periods; the vocational expert testified that a moderate deficiency in concentration and persistence would cause problems on an ongoing daily basis regardless of what the job required from a physical or skill standpoint; the court rejected the Commissioner's

contention that deficiencies in attention and concentration, along with other mental limitations, did not have to be included in the hypothetical question because the question limited the claimant's capabilities to simple jobs).

In Wiederholt v. Barnhart, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005), the ALJ posed a hypothetical question that limited plaintiff to simple, unskilled work, and omitted from the hypothetical the ALJ's earlier and more specific findings that she had various mild and moderate restrictions. The court held that the relatively broad, unspecified nature of the description "simple" and "unskilled" did not adequately incorporate additional, more specific findings regarding a claimant's mental impairments (including moderate difficulty in maintaining concentration, persistence, or pace), and therefore the hypothetical question was flawed. Because of the flawed hypothetical, the court found that the VE's opinion that the claimant could perform other work was therefore not substantial evidence to support the ALJ's decision.

The case law is clear that when the ALJ finds a moderate difficulty in maintaining, concentration, persistence and pace, or gives great weight to a medical opinion with that limitation, a limitation in the RFC to simple, routine, repetitive and unskilled tasks fails to clearly relate or incorporate the moderate impairment. The court therefore finds that the mental

limitations in the ALJ's RFC findings that plaintiff can only
perform simple, routine and repetitive tasks fails to
sufficiently relate, incorporate or accommodate the opinion of
Dr. Bergmann-Harms that plaintiff has moderate limitations in
the ability to maintain attention and concentration for extended
periods and in the ability to perform activities within a
schedule, the opinion of Dr. Barnett that plaintiff has
difficulty with both attention and concentration such that at
times he would lose the thread of the conversation, and the
ALJ's own finding that plaintiff has some difficulty in
sustaining focus, attention and concentration sufficiently long
enough to permit the timely and appropriate completion of tasks
commonly found in work settings.  This case shall therefore be
remanded in order for the ALJ to include plaintiff's limitations
in attention and concentration in her RFC findings and in the
hypothetical question to the VE.[2]

     The court will next examine the ALJ's consideration of the
opinions of Dr. Ramberg.  In a form dated July 2, 2009, Dr.
Ramberg opined that plaintiff had a number of limitations,
including a finding that plaintiff could sit for less than 2
hours, and stand/walk for less than 2 hours in an 8 hour workday

---

[2] On remand, the ALJ should also consider and discuss the opinion of  Dr. LaFrance, a treating psychologist, that plaintiff's depression and anxiety symptoms have been severe and prevent him from seeking or sustaining any gainful employment (R. at 666).  Furthermore, plaintiff could seek to include in the record a mental RFC assessment from Dr. LaFrance which was not in the record before either the ALJ or the Appeals Council.  Plaintiff sought to add this to the record (Doc. 31, 38), but it was not considered by the court because it was not part of the record before the agency.

(R. at 396-400). Dr. Ramberg also signed a form on January 22, 2008 that plaintiff cannot walk without the use of assistance from an assistive device and was severely limited in the ability to walk at least 100 feet (R. at 374). The ALJ gave no weight to his opinions, stating that Dr. Ramberg had not examined or treated the plaintiff during the relevant period and these opinions pertain to the period previously adjudicated by the prior ALJ. Furthermore, the ALJ found his opinions inconsistent with the evidence, including the results of a disability investigation in which plaintiff was observed driving to a Dillon's store and walking into the store without any assistive device, walked at a normal and steady pace, did not use a shopping cart or basket, carried items in the store, and walked 30 yards from the store to his vehicle carrying a gallon of milk in his hand. Plaintiff was observed for 4 hours during the surveillance walking, lifting, bending, standing, reaching and sitting (R. at 22, 629-630).

The medical records indicate that plaintiff was seen by Dr. Ramberg on April 2 and July 2, 2009 (R. at 402-404). As the ALJ noted, the previous denial of disability was made on September 18, 2009, and the ALJ considered the relevant period under adjudication was September 19, 2009 through August 1, 2012, the date of the ALJ decision. Thus, the ALJ correctly states that Dr. Ramberg's opinions and his treatment records for the

plaintiff are from the previously adjudicated period, which the ALJ did not reopen.  Finally, the disability investigation provided evidence from which a factfinder could reasonably conclude that plaintiff was not as limited as indicated by Dr. Ramberg.  The court finds that substantial evidence supports the decision of the ALJ not to accord any weight to the opinions of Dr. Ramberg.

**IV.  Did the ALJ err in her credibility analysis?**

Plaintiff argues that the ALJ erred in her credibility findings regarding plaintiff's allegations.  The court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ considers the impact of plaintiff's difficulty in sustaining focus, attention, and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).  However, the court does not find any clear error in the ALJ's credibility analysis, which included a disability investigation which would indicate that plaintiff was not as limited as he alleged.  The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence,

the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

Plaintiff has also filed a motion to compel (Doc. 31) and a motion to complete the record (Doc. 38).  Both motions are denied because there is no evidence that the document in question was a part of the record or considered by the ALJ or the Appeals Council.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

IT IS FURTHER ORDERED that the motion to compel (Doc. 31) and the motion to complete the record (Doc. 38) are denied.

Dated this 31st day of March 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge